CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court’s nonfi-nal order denying his motion to quash service of process or, in the alternative, dismiss the complaint. We agree that the probate court lacked jurisdiction over appellant and .reverse.
The decedent, a Florida resident, executed a durable power of attorney in favor of appellant, a resident of Rhode Island. In their complaint, appellees allege numerous instances where they contend appellant damaged the estate through mismanagement of the decedent’s assets pursuant to the power of attorney. Appellant first argues that the lower court had no personal jurisdiction over him since the complaint failed to allege sufficient jurisdictional allegations. Second, appellant contends that he was improperly served by “formal notice” which is effective only for those parties “interested” in the estate, and that he is not an “interested” party under the statute. We agree.
An “interested person” is “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.” § 731.201, Fla.Stat. (1995). The record reveals that appellant is not a beneficiary, claimant or administrator of the decedent’s estate and that he, in fact, has no interest in the estate. Appellant’s actions in admitting the decedent’s will to probate were done in his representative capacity and do not subject him individually to the personal jurisdiction of the lower court. Appellees contend that appellant is an “interested” party as evidenced by his filing of an answer brief in an appeal filed by his sister regarding the validity of the decedent’s will. We disagree. Appellant’s filing of the brief was done in his capacity as the nominated personal representative and as a named party in the action.
Appellees’ argument that the fact that the decedent executed a durable power of attorney in favor of appellant is sufficient to bring him within the jurisdiction of the court is without merit. There are no allegations in the complaint that any of the actions taken by appellant pursuant to the power of attorney were conducted in Florida as required by section 48.193, Florida Statutes (1995). See Turner v. Lawton, 473 So.2d 303 (Fla. 2d DCA 1985). We therefore conclude that there were insufficient contacts to bring appellant within the jurisdiction of the Florida court and that appellant was entitled to the traditional form of service of process pursuant to section 48.031, Florida Statutes (1991). Appellees should have instituted a normal civil action against appellant for any mishandling of funds under the power of attorney. See In re Estate of Black, 528 So.2d 1316 (Fla. 2d DCA 1988); In re Estate of Vernon, 608 So.2d 510 (Fla. 4th DCA 1992).
Reversed and remanded.
FRANK and NORTHCUTT, JJ., concur.