847 So.2d 606 (2003)
Steven EMERSON, Appellant,
v.
Richard COLE, Appellee.
No. 2D02-1081.
District Court of Appeal of Florida, Second District.
June 20, 2003.
*607 Richard Horowitz, New York, and Wayne Lee Thomas, Tampa, co-counsel for Appellant.
Patricia Fields Anderson of Patricia Fields Anderson, P.A., St. Petersburg, for Appellee.
FULMER, Judge.
Steven Emerson, plaintiff below in a libel suit, appeals the order dismissing Richard Cole, defendant below, based on lack of personal jurisdiction. The issue on appeal *608 is whether Cole has sufficient minimum contacts with Florida such that he should reasonably anticipate being haled into a Florida court based on allegedly defamatory statements he made over the telephone for a news story to be published in Florida. The trial court held that Cole did not have sufficient minimum contacts to justify personal jurisdiction. Based on our de novo review, see Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002), we conclude that Cole's several telephone interviews, given for a story to be published in Florida, provided sufficient minimum contacts. Therefore, we reverse.
On appeal, Cole does not dispute that sufficient facts have been alleged to bring this action within Florida's long-arm statute, section 48.193(1)(b), Florida Statutes (1997). As the supreme court held in Wendt, 822 So.2d at 1260, "`committing a tortious act' in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic ... communications into Florida" as long as the cause of action arises from such communications; the nonresident's physical presence in Florida is not required. The issue here is whether Cole has sufficient minimum contacts to satisfy due process requirements. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). This analysis "is controlled by United States Supreme Court precedent interpreting the Due Process Clause and imposes a more restrictive requirement" than the long-arm statute. Wendt, 822 So.2d at 1257 (quoting Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000)).
To avoid offending traditional notions of fair play and substantial justice, certain minimum contacts are required by the Due Process Clause. Colder v. Jones, 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The minimum contacts analysis focuses on the relationship among the defendant, the forum, and the litigation. Id. Here, Cole (the defendant) made statements for publication in Florida (the forum), and the litigation arises from these statements.
"[T]he constitutional touchstone remains whether the defendant purposefully established `minimum contacts' in the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "[T]he foreseeability that is critical to due process analysis... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). We conclude that Cole could reasonably anticipate being haled into a Florida court to answer for statements he made to a Florida audience. This is not a place of incidental publication; this is the place of primary publication.
In Godfrey v. Neumann, 373 So.2d 920, 922 (Fla.1979), the Florida Supreme Court held that "by committing a tort in Florida a nonresident establishes sufficient `minimum contacts' with Florida to justify the acquisition of in personam jurisdiction over him." In Smith v. Cuban American National Foundation, 657 So.2d 86, 86 (Fla. 3d DCA 1995), personal jurisdiction over a nonresident defendant was based on the defendant's commission of a tort in Florida "by making certain allegedly defamatory statements in a televised interview conducted in Washington, D.C. for a PBS documentary film under circumstances in which it was entirely foreseeable that the subject film would be aired in Florida." In Carida v. Holy Cross Hospital, Inc., 424 So.2d 849 (Fla. 4th DCA 1982), disapproved on other grounds, Doe v. Thompson, 620 So.2d 1004 (Fla.1993), personal jurisdiction over a nonresident defendant *609 was based on a series of telephone conversations between that defendant and a Florida employer regarding the plaintiff's abilities and performance in a training program. The Fourth District noted that it was "not dealing here with one isolated conversation in a vacuum." 424 So.2d at 852. In this case, Cole admitted to multiple phone conversations with John Sugg, the editor of a Florida publication. Thus, like Carida, this case does not deal with an isolated conversation. And like Smith, Cole made statements for publication in Florida.
"[The] purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.... Jurisdiction is proper ... where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State." Burger King Corp., 471 U.S. at 475, 105 S.Ct. 2174 (citations and internal quotation marks omitted). The Supreme Court recognized that even a single act can support jurisdiction when it creates a substantial connection to the forum, but "`some single or occasional acts'... may not be sufficient to establish jurisdiction if `their nature and quality and the circumstances of their commission' create only an `attenuated' affiliation with the forum." Burger King Corp., 471 U.S. at 476 n. 18, 105 S.Ct. 2174 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). While a single telephone conversation may have been too attenuated, the multiple interviews given by Cole for publication in Florida are not.
In an amended complaint, Emerson alleged that the court had jurisdiction over Cole, a California resident, under section 48.193 because Cole committed a tortious act in Florida. Emerson alleged that "Cole maliciously provided to [John] Sugg in Florida, for publication in Florida, certain false information about Emerson." Cole appeared specially and filed a motion to dismiss and an affidavit. In his affidavit, Cole stated that he was a California resident; he had "never personally met with John Sugg, the editor of the Weekly Planet, either in Florida or in any other location"; he "had a few phone conversations with John Sugg ... [who] initiated the contact"; he had "no personal knowledge where Mr. Sugg was located" when they spoke; and he "was not in Florida when [he] spoke with Mr. Sugg by telephone." Cole's motion to dismiss stated:
Giving the Amended Complaint its most liberal reading, Plaintiff Emerson merely alleges that Defendant "Cole maliciously provided to Sugg in Florida, for publication in Florida, certain false information about Emerson, as described below." Even if this bare allegation were enough to meet the requirements of Florida's long-arm jurisdiction statute, which it is not, it certainly does not satisfy the constitutional requirement of minimum contacts with Florida.
A motion to dismiss for lack of personal jurisdiction is a challenge to the legal sufficiency of the pleadings. Venetian Salami Co., 554 So.2d at 502. To contest a complaint's jurisdictional allegations, or to challenge the presence of minimum contacts, the defendant must file an affidavit. Id. The burden then shifts to the plaintiff, who must "prove by affidavit the basis upon which jurisdiction may be obtained." Id. But the burden never shifts back to the plaintiff "when the nonresident defendant's affidavit does not sufficiently refute the jurisdictional allegations." Lampe v. Hoyne, 652 So.2d 424, 426 (Fla. 2d DCA 1995); see also Gahn v. Holiday Prop. Bond, Ltd., 826 So.2d 423, 427 (Fla. 2d DCA 2002) ("When a foreign defendant *610 challenges personal jurisdiction by sworn statement, the burden of establishing jurisdiction is only shifted to the plaintiff if the affidavit contests the factual basis of long-arm jurisdiction asserted in the complaint."). Because Cole did not deny that he knew Sugg was writing a story to be published in Florida, the burden never shifted to Emerson to provide an affidavit.
Here, the facts show that Cole answered his phone and talked, more than once, with someone writing a story to be published in Florida. Thus, his connection with Florida is not random, fortuitous, or attenuated. In its analysis, the trial court relied primarily on Hoechst Celanese Corp. v. Nylon Engineering Resins, Inc., 896 F.Supp. 1190 (M.D.Fla.1995), but in that case the statements were made by a nonresident defendant to a publication with a relatively insignificant percentage of its circulation in Florida (only 1.8 percent of total circulation). 896 F.Supp. at 1196 n. 7. Cole's comments were made for publication in Florida. While he should not reasonably expect to be haled into another state where copies of the publication might find their way, we conclude that he should reasonably expect to be called upon in Florida to defend statements he knew would be published in Florida. Therefore, we reverse the order of dismissal.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., concur.