870 So.2d 80 (2003)
CAMP ILLAHEE INVESTORS, INC., a North Carolina Corporation, Appellant,
v.
Michael BLACKMAN and Patrice Blackman, Individually and as the Parents, Natural Guardians and next best friends of Olivia Blackman and Sophie Blackman, minor children, and Frank Tindall and Elizabeth Tindall, Appellees.
No. 2D02-4324.
District Court of Appeal of Florida, Second District.
November 19, 2003.
*82 J. Gregory Giannuzzi of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Tampa, for Appellant.
Jeffrey A. Blau, Tampa, for Appellees Michael Blackman and Patrice Blackman, Individually and as the Parents, Natural Guardians and next best friends of Olivia Blackman and Sophie Blackman, minor children.
No appearance for Appellees Frank Tindall and Elizabeth Tindall.
SILBERMAN, Judge.
Camp Illahee Investors, Inc., a North Carolina corporation, appeals a nonfinal *83 order that denied its motion to dismiss for lack of personal jurisdiction. Because jurisdiction was not established under Florida's long-arm statute, we reverse.
Appellees Michael and Patrice Blackman, individually and on behalf of their minor daughters, sued Camp Illahee and its owners, Frank and Elizabeth Tindall, for alleged torts committed in North Carolina while the Blackmans' two daughters were attending summer camp in 2001.[1] In their first amended complaint, the Blackmans alleged that while their daughters were at the camp, someone placed an "anonymous child abuse call" to a county department of social services in North Carolina, whose representatives then interviewed the Blackmans' daughters. The Blackmans alleged that the "Defendants had a duty, after being informed that the North Carolina County Department of Social Services desired to interview the Plaintiffs' minor children, to notify the Plaintiffs of the fact that the minor children were to be interviewed by the North Carolina County Department of Social Services about possible child abuse." The Blackmans also alleged that a junior counselor battered one of the daughters "by stepping on her feet and inflicting other physical injuries and mental abuse" on her.
Camp Illahee filed a motion to dismiss and asserted, among other grounds, that it was not subject to the jurisdiction of a Florida court and, even if jurisdiction existed in Florida, that North Carolina was an adequate alternative forum. Camp Illahee further argued that it was immune from suit under North Carolina law and that Florida's impact rule required dismissal.
Camp Illahee submitted affidavits from the Tindalls, the owners and operators of the camp. The affidavits reflect that Camp Illahee is a North Carolina corporation; the summer camp is located in North Carolina; Camp Illahee has no offices in Florida; it has no employees in Florida, although some of the employees who work at the camp during the summer are from Florida; Camp Illahee does no advertising in Florida by newspapers, radio, or television, but it has a one and one-half page posting on its internet website advising of "fall reunion and video shows."
Mrs. Tindall's affidavit also reflects that she travels to various states to engage in the reunion and video shows, which are designed to have "the children get together to talk about Camp, and to become excited for camp the next summer." The reunions take place in the homes of camp families, and the families receive a discount in the camp fee for hosting the reunions. The discounts amounted to.15% of Camp Illahee's gross revenues in 2000 and .08% in 2001. In 2000 and 2001, 22% of the campers were from Florida.
Although Camp Illahee argues that its motion to dismiss could properly have been granted on any of the grounds raised in its motion, the key issue is whether the trial court had long-arm jurisdiction over Camp Illahee. Our standard of review on the issue of personal jurisdiction over a foreign corporation is de novo. See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000). Additionally, we are required to strictly construe Florida's long-arm statute. See Esberger v. First Fla. Bus. Consultants, Inc., 338 So.2d 561, 562 (Fla. 2d DCA 1976).
The pertinent facts relating to jurisdiction are not in dispute. The determination *84 of whether the trial court has personal jurisdiction over Camp Illahee turns on "whether (1) there are sufficient jurisdictional facts to bring the action within the purview of the long-arm statute; and (2) the nonresident defendant involved has sufficient minimum contacts with Florida to satisfy constitutional due process requirements." Kin Yong Lung Indus. Co. v. Temple, 816 So.2d 663, 666 (Fla. 2d DCA 2002); see also Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989).
In its order denying the motion to dismiss, the trial court did not discuss this two-prong test. Instead, it simply stated, "Jurisdiction as to Camp Illahee Investors, Inc. will remain in Florida pursuant to the doctrine of forum non conveniens, as set forth in Fla. R. Civ. P. 1.061." However, before reaching the issue of forum non conveniens under Florida Rule of Civil Procedure 1.061, the trial court was required to first determine whether it had in personam jurisdiction in accordance with the two-prong test. See La Reunion Francaise, S.A. v. La Costena, 818 So.2d 657, 659 (Fla. 3d DCA 2002) (concluding that there was no personal jurisdiction over the foreign defendant and, therefore, no need to reach other issues raised in the motion to dismiss, including the issue of forum non conveniens).
After reviewing the record and the applicable statutory language in light of the required two-prong jurisdictional analysis, we conclude that the trial court should have dismissed the Blackmans' first amended complaint for lack of in personam jurisdiction. The allegations of the first amended complaint establish that the only possible bases for jurisdiction are under sections 48.193(1)(a) or 48.193(2) of the long-arm statute. Section 48.193(1)(a) provides as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
Section 48.193(2) states as follows:
A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
In the trial court, the Blackmans asserted that because Mrs. Tindall came to Florida one week a year for the reunion and video shows, Camp Illahee was conducting business in Florida. They also argued that the families that hosted the reunions were agents of Camp Illahee.
Concerning the agency argument, nothing in the record reflects that either an apparent or actual agency relationship existed between the host families and Camp Illahee. In particular, there was no showing that Camp Illahee made any representations that the host families were the agents of Camp Illahee, or that Camp Illahee, as principal, exercised control over the families, as agents. See Ilgen v. Henderson Props., Inc., 683 So.2d 513, 514-15 (Fla. 2d DCA 1996) (discussing the elements necessary to establish apparent or actual agency); State v. Am. Tobacco Co., 707 So.2d 851, 854 (Fla. 4th DCA 1998) (stating that control by the principal *85 over the agent is a necessary element of agency).
The Blackmans' second argument is premised on section 48.193(1), which confers jurisdiction for "any cause of action arising from the doing of" any of the enumerated items, such as conducting business in Florida. By its terms, section 48.193(1) requires connexity between the defendant's activities and the cause of action. Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla.2002). Here, the record reflects that the connexity requirement has not been met because the Blackmans' claims did not arise from the reunions and video shows that took place in Florida during one week per year. Rather, the claims arose out of alleged torts that occurred in North Carolina while the Blackmans' daughters attended the camp.
Even if the undisputed facts fell within the ambit of section 48.193(1), Camp Illahee must have sufficient minimum contacts with Florida to satisfy due process requirements. See Venetian Salami, 554 So.2d at 500. The test is whether Camp Illahee's conduct is such that it "should reasonably anticipate being haled into court" in Florida. See Venetian Salami, 554 So.2d at 500 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)); see also Emerson v. Cole, 847 So.2d 606, 608 (Fla. 2d DCA 2003). We agree with Camp Illahee that the limited contact between it and Florida as a result of the yearly reunion and video shows is insufficient to establish that it could reasonably anticipate being haled into court in Florida for the allegedly tortious conduct occurring in North Carolina.
A second potential basis for jurisdiction is section 48.193(2), which provides that a defendant is subject to a Florida court's jurisdiction when the defendant "is engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity." This section "does not require connexity between a defendant's activities and the cause of action." Woods v. Nova Cos. Belize Ltd., 739 So.2d 617, 620 (Fla. 4th DCA 1999). Additionally, if the defendant's activities meet the requirements of this section, the due process requirement of minimum contacts is fulfilled. Id. However, the record before us does not support a conclusion that Camp Illahee's conduct constitutes substantial activity in Florida. See deMco Techs., Inc. v. C.S. Engineered Castings, Inc., 769 So.2d 1128, 1132 (Fla. 3d DCA 2000) (stating that sporadic sales in Florida could not provide jurisdiction for litigation regarding an unrelated promissory note); Price v. Point Marine, Inc., 610 So.2d 1339, 1341 (Fla. 1st DCA 1992) (noting that sporadic activities or visits to Florida consisting of the occasional solicitation of business in Florida do not constitute "substantial and not isolated activity").
Because the undisputed facts do not demonstrate a basis for jurisdiction under Florida's long-arm statute, we reverse and remand with directions that the trial court dismiss the Blackmans' claims without prejudice to their refiling the claims in the appropriate jurisdiction. In light of our conclusion regarding the lack of in personam jurisdiction, the other grounds asserted by Camp Illahee in support of reversal are moot.
Reversed and remanded with directions.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] The trial court dismissed the Tindalls from the litigation, and the Blackmans have not appealed that ruling.