WHATLEY, Judge.
ACI Worldwide Mexico, Inc. (ACIWM) appeals the order denying its motion to dismiss Plus Tecnologia’s complaint against it for lack of personal jurisdiction. We reverse.
We review the issue of jurisdiction over a foreign corporation de novo. Camp Illahee Investors, Inc. v. Blackman, 870 So.2d 80 (Fla. 2d DCA 2003).
If ACIWM was part of a joint venture with its sister Florida subsidiary that contracted with Plus Tecnología to provide the check verification system, then Florida could properly exercise jurisdiction over it. However, in the face of irreconcilable affidavits filed by both parties in support of their respective positions on jurisdiction, the trial court was obligated to hold an evidentiary hearing and make a determination regarding jurisdiction. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989) (holding that where affidavits cannot be reconciled, “the trial court will have to hold a limited evidentiary hearing in order to determine the jurisdiction issue.”). The trial court in this case held a hearing, but it was a nonevidentiary hearing. >
Accordingly, we reverse and remand for an evidentiary hearing on the issue of the Florida court’s jurisdiction over ACIWM, a Mexican corporation.
Reversed and remanded with directions.
SALCINES and DAVIS, JJ., concur.