919 So.2d 685 (2006)
FLETCHER JONES WEST SHARA, LTD., LLC, d/b/a Fletcher Jones Imports, Appellant,
v.
Dan ROTTA, Appellee.
No. 3D05-56.
District Court of Appeal of Florida, Third District.
February 1, 2006.
*686 Conroy, Simberg, Ganon, Krevans & Abel and Hinda Klein, Hollywood, for appellant.
Ritter Chusid Bivona & Cohen, Boca Raton, and Mitchell R. Katz, for appellee.
Before FLETCHER, WELLS, and SHEPHERD, JJ.
WELLS, Judge.
Fletcher Jones West Shara, Ltd., LLC, d/b/a Fletcher Jones Imports (herein, Jones) appeals an order denying its motion to dismiss for lack of personal jurisdiction. We affirm.
The dispute between these parties arose from an eBay transaction whereby Jones sold a Porsche to Florida resident Dan Rotta. Rotta alleged that Jones' representatives initiated communications with Rotta, knowing Rotta was a Florida resident. During these communications, Jones made misrepresentations about the quality, value, and condition of the Porsche. Jones advised Rotta that an independent inspection of the Porsche was performed by Gaudin Porsche, which verified the quality, value, and condition of the vehicle. Rotta relied upon Jones' misrepresentations in purchasing the Porsche for $37,500. Less than a week after delivery of the Porsche, Rotta experienced mechanical difficulties which rendered the Porsche unfit to operate. Inspection revealed that the vehicle had an altered body and required repairs which reduced the Porsche's value in excess of $20,000.
In his second amended complaint, and his affidavit, Rotta alleged that Jones committed a tort within the State of Florida, and that Jones established sufficient minimum contacts to satisfy due process requirements by the fraudulent manner Jones marketed, solicited, and ultimately sold the defective vehicle. Rotta alleged that Jones advertised the sale of the Porsche in Florida, marketed the sale of the Porsche in Florida, contacted him in Florida, and made material misrepresentations knowing Rotta was in Florida and a resident of Florida. Rotta also alleged that the sales order for the purchase of the Porsche was executed in Florida.
Commission of a tort for the purpose of establishing long-arm jurisdiction does not require physical entry into the state, rather "telephonic, electronic, or written communications into Florida may *687 form the basis for personal jurisdiction under section 48.193(1)(b) if the alleged cause of action arises from the communications." Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla.2002); Emerson v. Cole, 847 So.2d 606, 608 (Fla. 2d DCA 2003).
As Emerson explains,
The issue ... is whether [the defendant] has sufficient minimum contacts to satisfy due process requirements. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). This analysis "is controlled by United States Supreme Court precedent interpreting the Due Process Clause and imposes a more restrictive requirement" than the long-arm statute. Wendt, 822 So.2d at 1257 (quoting Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla. 2000)).
To avoid offending traditional notions of fair play and substantial justice, certain minimum contacts are required by the Due Process Clause. Calder v. Jones, 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The minimum contacts analysis focuses on the relationship among the defendant, the forum, and the litigation. Id. Here, . . . (the defendant) made statements for publication in Florida (the forum), and the litigation arises from these statements.
"[T]he constitutional touchstone remains whether the defendant purposefully established `minimum contacts' in the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "[T]he foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Emerson, 847 So.2d at 608.
We conclude that the trial court correctly determined it had personal jurisdiction over Jones because, pursuant to section 48.193(1)(b), Rotta alleged that Jones committed a tort within Florida and established minimum contacts with this forum based upon the intentional misrepresentations Jones directed toward him in this state in an effort to sell an automobile. Thus, it can be concluded that Jones could reasonably anticipate being haled into a Florida court to answer for misrepresentations it made to a Florida resident to induce that resident to act. See Wendt, 822 So.2d at 1253.
Accordingly, the order under review is affirmed.