937 So.2d 730 (2006)
Albert MACHTINGER, Aircraft Component Repair, Inc., Ben & Josh Real Estate Holdings Co., Inc., and Avion Technologies, Inc., Appellants,
v.
INERTIAL AIRLINE SERVICES, INC., Appellee.
No. 3D06-106.
District Court of Appeal of Florida, Third District.
September 1, 2006.
*732 Morgan, Lewis & Bockius and Christopher J.M. Collings and Robert M. Brochin, Miami, for appellants.
Podhurst Orseck and Joel D. Eaton; Richard and Richard and Dennis Richard *733 and Laurel W. Marc-Charles and Sydney A. Marks, Miami, for appellee.
Before RAMIREZ, SUAREZ, and ROTHENBERG, JJ.
SUAREZ, J.
Albert Machtinger, Aircraft Component Repair, Inc., Ben & Josh Real Estate Holdings Co., Inc., and Avion Technologies, Inc. (the "Machtinger defendants") appeal the order denying their motion to dismiss Inertial Airline Services, Inc.'s ("IAS") amended complaint for lack of personal jurisdiction. We affirm.
The Machtinger defendants contend that the trial court erred in denying their motion to dismiss for lack of personal jurisdiction. They argue that IAS failed to allege facts to satisfy either Florida's long-arm statute or constitutional due process requirements. IAS asserts that the trial court correctly found that its allegations satisfy the statutory and constitutional requirements for personal jurisdiction.
IAS filed a complaint against, and obtained jurisdiction over, former IAS president Mark O'Donnell, and former director of technical services and international marketing Boris Masera. IAS added the Machtinger defendants to the suit in the present amended complaint. IAS alleges, among other things, that the Machtinger defendants conspired with O'Donnell and Masera to defraud and steal from IAS. O'Donnell and Masera lived in Ohio and worked in an IAS office in Ohio. In 2001, IAS was acquired by a Florida corporation that operates in Miami. After the acquisition, IAS's chairman of the board, vice chairman, treasurer, secretary, assistant secretary, and sole director all lived and worked in Florida, and IAS was headquartered in Miami. The Florida officers instituted financial control over IAS by requiring O'Donnell to send all IAS checks payable for more than $5,000 to the Miami office for countersignature by either the IAS director or chairman. O'Donnell and Masera allegedly conspired with the Machtinger defendants to obtain payment for work that the Machtinger defendants were supposed to have completed for IAS, but either did not complete or did not perform at all. As part of this conspiracy, O'Donnell allegedly submitted fraudulent invoices for the work to the IAS Florida headquarters, misrepresented to IAS officers in Florida that the work had been completed, signed IAS checks for payment on the fraudulent invoices, and mailed the checks to Florida to obtain countersignatures. IAS officers in Florida relied on O'Donnell's fraudulent misrepresentations, countersigned the checks, and forwarded them to the Machtinger defendant payees.
IAS asserts personal jurisdiction over the non-resident Machtinger defendants by alleging that they conspired to commit a tortious act in Florida.[1] The Machtinger defendants moved to dismiss IAS's amended complaint for lack of personal jurisdiction. After hearing evidence, the trial court entered a detailed order denying the motion to dismiss. The Machtinger defendants appeal this order.
A plaintiff seeking jurisdiction over a non-resident defendant must plead the basis for jurisdiction. A defendant *734 contesting jurisdiction must file affidavits in support of his motion to dismiss. The plaintiff must then support the grounds upon which he claims jurisdiction with affidavits. If the two sets of affidavits cannot be reconciled, the court must hold an evidentiary hearing to resolve the factual conflicts and determine the issue of jurisdiction. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). The appropriate inquiry is whether the tort as alleged occurred in Florida, and not whether the alleged tort actually occurred. Walter Lorenz Surgical, Inc. v. Teague, 721 So.2d 358 (Fla. 1st DCA 1998).
The Machtinger defendants and IAS each filed affidavits in support of their positions on jurisdiction. The affidavits could not be reconciled and the trial court conducted an evidentiary hearing on the Machtinger defendants' motion to dismiss. Solely for purposes of the motion, the Machtinger defendants admitted that the tortious acts that IAS alleged in the amended complaint occurred. Therefore, they admitted that they conspired with O'Donnell to defraud IAS by sending fraudulent invoices to IAS in Florida and that, in furtherance of the conspiracy, O'Donnell fraudulently misrepresented what work had been performed by the Machtinger defendants, and forwarded IAS payment checks to IAS in Florida for the director or chairman to approve and countersign. The Machtinger defendants also admitted for purposes of the motion that O'Donnell and Masera breached their employment contracts by failing to return IAS property to the IAS office in Florida upon termination of their employment, and these breaches were part of a conspiracy to divert IAS property and customers.
Determining whether long-arm jurisdiction is appropriate is a two-part inquiry. "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient `minimum contacts' are demonstrated to satisfy due process requirements." Execu-Tech Bus. Sys. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000) (quoting Venetian Salami, 554 So.2d at 499). The statutory prong of Venetian Salami "is governed by Florida's long-arm statute and bestows broad jurisdiction on Florida courts." Execu-Tech, 752 So.2d at 584; § 48.193(1)(b), Fla. Stat. (2005). The constitutional minimum contacts prong of Venetian Salami "is controlled by United States Supreme Court precedent interpreting the Due Process Clause and imposes a more restrictive requirement. A court can exercise personal jurisdiction only if the out of state defendant maintains `certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice." Execu-Tech, 752 So.2d at 584 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). A trial court's order on a motion to dismiss for lack of personal jurisdiction is reviewed de novo. Wendt v. Horowitz, 822 So.2d 1252 (Fla.2002). However, where the trial court's decision is based on live testimony, the appellate court defers to the trial court's determination of the facts. Dev. Corp. v. WBC Constr., 925 So.2d 1156, 1160 (Fla. 4th DCA 2006).
We affirm because the Machtinger defendants failed to negate IAS's allegations that they conspired to commit tortious acts in Florida. The Machtinger defendants stipulated that, in furtherance of their conspiracy with O'Donnell and Masera, O'Donnell made fraudulent misrepresentations via phone calls, faxes, and letters, to IAS officials in Florida. Relying on O'Donnell's fraudulent misrepresentations, *735 the IAS officials countersigned checks in Florida and forwarded them to the payees, Machtinger defendants. The question is whether O'Donnell's fraudulent misrepresentations made in furtherance of the conspiracy constitute tortious acts committed within Florida for the purposes of long-arm jurisdiction. If they do, then Florida has personal jurisdiction over O'Donnell as well as all of the Machtinger defendants who conspired with him. Wilcox v. Stout, 637 So.2d 335, 337 (Fla. 2d DCA 1994)(holding that, if plaintiff successfully alleges that any member of a conspiracy commits a tortious act in Florida in furtherance of the conspiracy, then all of the conspirators are subject to Florida's long-arm jurisdiction).
O'Donnell's fraudulent misrepresentations made from outside Florida by phone, fax, and in writing, directed to IAS officers in IAS Florida headquarters, constitute tortious acts committed within Florida under Florida's long-arm statute. See Wendt, 822 So.2d. at 1257-58 (holding that a written communication from outside the state directed to a resident inside the state can constitute the commission of a tortious act under Florida's long-arm statute). Florida has long-arm jurisdiction because the IAS cause of action for fraud arises out of O'Donnell's fraudulent misrepresentations that he directed into Florida even though O'Donnell was not physically present in the state at the time he committed those tortious acts. "Commission of a tort for the purpose of establishing long-arm jurisdiction does not require physical entry into the state, rather `telephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction under section 48.193(1)(b) if the alleged cause of action arises from the communications.'" Fletcher Jones West Shara, Ltd. v. Rotta, 919 So.2d 685, 687 (Fla. 3d DCA 2006) (quoting Wendt, 822 So.2d at 1260). "The plaintiff need only show that the defendant's contact with the State resulted in . . . a tortious act." Gerber Trade Fin., Inc. v. Bayou Dock Seafood Co., 917 So.2d 964 (Fla. 3d DCA 2005); see § 48.193(1)(b), Fla. Stat. (2005); Fletcher Jones, 919 So.2d at 685 (holding that there was personal jurisdiction over an out-of-state seller of a car based on allegations that the seller committed a tort in Florida by advertising and marketing the sale in Florida, contacting the buyer in Florida, making material misrepresentations knowing that the buyer was in Florida and a Florida resident, and where the sales order was executed in Florida).
We also note that the amended complaint sufficiently alleges that the fraud could not have occurred but for O'Donnell's misrepresentations to IAS officers who reside, work, and control the corporation's finances in Florida. IAS alleges that the fraudulent misrepresentations were made in Florida, relied upon in Florida, and IAS countersigned and issued the checks from Florida. Therefore, IAS has successfully alleged that a substantial portion of the tortious acts occurred in Florida making personal jurisdiction over O'Donnell proper. See Watts v. Haun, 393 So.2d 54 (Fla. 2d DCA 1981) (holding that jurisdiction was proper where a substantial portion of the tort occurred in Florida).
The Machtinger defendants argue that there is no personal jurisdiction over them because IAS was not injured in Florida. They contend that IAS is an Ohio corporation that does no business in Florida, and therefore no injury could have occurred here. We disagree. The record contains competent substantial evidence to support the trial court's findings of fact that IAS's director, chairman, vice chairman, treasurer, secretary, and assistant secretary all worked and resided in Florida. *736 The court also found that the Florida office instituted financial control over IAS's funds. O'Donnell knew the fraudulent misrepresentations he directed to IAS in Florida would be relied and acted upon by IAS in Florida, and that IAS would countersign the checks in Florida and disburse the checks from Florida thereby causing injury to IAS in Florida. Deloitte & Touche v. Gencor Indus., 929 So.2d 678, 683 (Fla. 5th DCA 2006) ("[I]t is sufficient to establish the `tortious act' committed in Florida for purposes of jurisdiction that [defendant] sent false reports to Florida, that [defendant] was aware that these reports would be relied on in Florida by [plaintiff] and that they were relied upon in Florida by [plaintiff]."); Tourismart, Inc. v. Gonzalez, 498 So.2d 469 (Fla. 3d DCA 1986) (plaintiff stated a valid cause of action for fraud by alleging that the defendant made false representations to induce plaintiff to sell defendant's travel agency airline tickets, for which the defendant paid with worthless checks and unauthorized credit card charges).
The Machtinger defendants next argue that IAS failed to satisfy Venetian Salami's constitutional prong by failing to demonstrate that they had sufficient minimum contacts with Florida to satisfy due process. We disagree. IAS alleges that O'Donnell purposefully directed misrepresentations in furtherance of the conspiracy to IAS officers in Florida, with the intent that the officers rely on the misrepresentations. Directing a conspiracy toward Florida establishes sufficient minimum contacts to satisfy due process. Wendt, 822 So.2d at 1258. "[I]t can be concluded that [the defendant] could reasonably anticipate being haled into a Florida court to answer for misrepresentations it made to a Florida resident to induce that resident to act." Fletcher Jones, 919 So.2d at 687.
Florida has personal jurisdiction over O'Donnell because his fraudulent misrepresentations constitute tortious acts in Florida for purposes of the long-arm statute, and the minimum contacts requirements have been met. Therefore, Florida also has long-arm jurisdiction over the Machtinger defendants because O'Donnell's fraudulent misrepresentations were made in furtherance of the conspiracy. See Wilcox v. Stout, 637 So.2d at 335.
Affirmed.[2]
NOTES
[1] Section 48.193, Florida Statutes (2005), provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . .
(b) Committing a tortious act within this state.
[2] We stress that this opinion pertains solely to the jurisdictional allegations of whether the tort, as alleged, occurred in Florida. This Court does not address whether the tort, as alleged, actually occurred.