967 So.2d 407 (2007)
Adam E. MINCHUK, Jr. and Mary Minchuk, Appellants,
v.
Manuel REYES, Merle Reyes and Mayda Rodriguez, Appellees.
No. 3D06-2625.
District Court of Appeal of Florida, Third District.
October 24, 2007.
Damian & Valori and Peter F. Valori, Miami, for appellants.
Alvarez, Almazan & Rodriguez and Benjamin R. Alvarez, Miami, for appellees.
Before RAMIREZ, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendants, Adam E. Minchuk, Jr. and Mary Minchuk (collectively "the defendants"), appeal from a non-final order denying their motion to dismiss for lack of personal jurisdiction. We reverse and remand for an evidentiary hearing.
Manuel Reyes, Merle Reyes, and Mayda Rodriguez (collectively "the plaintiffs") filed suit against the defendants, asserting that they committed a tortious and malicious act in Miami-Dade County. The defendants filed a motion to dismiss for lack of personal jurisdiction. In support of their motion, the defendants filed sworn statements, asserting that they reside in Illinois; that they have not engaged in any conduct in Florida that would subject them to personal jurisdiction in Florida; that they did not engage in the improper acts alleged in the complaint in Florida; and that they had no involvement in the actions alleged in the complaint. In response, the plaintiffs filed a counter-affidavit, which was in direct conflict with the defendants' sworn statements.
After conducting a non-evidentiary hearing, the trial court denied the defendants' motion to dismiss, finding that the allegations *408 in the complaint were sufficient to establish personal jurisdiction over the defendants. The defendants' non-final appeal followed.
We review the trial court's order denying the defendants' motion to dismiss for lack of personal jurisdiction de novo. See Bohlander v. Robert Dean & Assocs. Yacht Brokerage, Inc., 920 So.2d 1226, 1228 (Fla. 3d DCA 2006). First, we agree with the trial court's conclusion that the jurisdictional allegations in the verified complaint were sufficient to bring the action within Florida's long-arm statute, section 48.193, Florida Statutes (2006), and that the complaint alleges sufficient minimum contacts between the defendants and Florida to satisfy due process requirements. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989).
However, we find that the trial court erred by failing to hold a limited evidentiary hearing on the issue of jurisdiction. In the instant case, the defendants filed sworn statements to contest the jurisdictional allegations of the complaint and to raise a contention of insufficient minimum contacts. Thereafter, the plaintiffs filed a counter-affidavit to support their basis for personal jurisdiction over the defendants. A review of the relevant facts averred in the defendants' sworn statements and the plaintiffs' counter-affidavit indicates that they are in direct conflict. Thus, the trial court was required to hold a limited evidentiary hearing to resolve the conflicts pertaining to jurisdiction. See Doe v. Thompson, 620 So.2d 1004, 1005 (Fla. 1993) ("[A] defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of insufficient minimum contacts must file an affidavit in support of his or her position. The burden is then placed upon the plaintiff to show by counter-affidavit the basis upon which jurisdiction is obtained. If relevant facts set forth in the respective affidavits are in direct conflict, then the trial judge should hold a limited evidentiary hearing on the issue of jurisdiction.").
Reversed and remanded for an evidentiary hearing.