971 So.2d 868 (2007)
Jerald COHN, Appellant,
v.
Jonathan WOOLIN, Appellee.
No. 3D06-2623.
District Court of Appeal of Florida, Third District.
November 21, 2007.
*869 Concepcion Sexton and Martinez and Carlos F. Concepcion, Coral Gables, and Marian Kennady, for appellant.
HomerBonner and Douglas F. Eaton, Miami, for appellee.
Before GREEN, ROTHENBERG, and SALTER, JJ.
SALTER, J.
Jerald Cohn appeals the circuit court's non-final order denying his motion to dismiss an amended complaint for lack of personal jurisdiction over him. That lawsuit was brought and prosecuted by the appellee, Jonathan Woolin. We reverse *870 and remand for further proceedings to provide more details regarding Cohn's role in prior litigation and whether Cohn had sufficient "minimum contacts" with Florida to satisfy due process requirements under the United States Constitution.
The Prior Litigation and the Malicious Prosecution Suit
In prior litigation in the circuit court, Cohn's mother (Marlene Cohn) and another individual sued Woolin and others in an adversary petition in a circuit court probate case. The petition included allegations that Woolin and his mother "were the cause of or participated" in the death of Woolin's stepfather, Martin Woolin. Martin Woolin died of gunshot wounds in his home in May 2002. Jonathan Woolin was dropped as a defendant when the petition was amended some ten months after the filing of the original petition. Cohn himself was never a petitioner in the probate adversary case.
Two years later, Woolin brought a malicious prosecution claim against Cohn, his mother, and the other co-petitioner in the probate matter. Although both Marlene Cohn and Jerald Cohn were alleged to be residents of Atlanta, Georgia, the amended complaint[1] in the malicious prosecution action claimed that: (a) Jerald Cohn held a broad power of attorney for his mother; and (b) Jerald Cohn, acting individually and on behalf of his mother, instituted and maliciously prosecuted a baseless probate adversary petition in Florida against Woolin and others.
The Motion to Dismiss for Lack of Jurisdiction
Jerald Cohn filed a motion to dismiss for lack of personal jurisdiction over him, asserting that there were insufficient allegations to support jurisdiction under: (a) the Florida long-arm statute, section 48.193 of the Florida Statutes; and (b) the due process clause of the United States Constitution. Cohn attached to his motion an affidavit executed by him in Gwinnett County, Georgia. That affidavit stated under oath and in substance that Cohn was not licensed to conduct, and did not conduct, business in Florida; that he had not sold any real or intangible property in Florida; that he did not maintain any corporations in Florida; and that he had no telephone number, bank account, property, lawsuits, or business interests in Florida.[2]
In response, Woolin did not file any affidavit or take jurisdictional discovery; instead, Woolin filed a memorandum and hearing transcript references arguing that Cohn had initiated litigation in Florida on behalf of his mother through the power of attorney she had given him, and that Cohn had thereby become subject to the jurisdiction of Florida's courts. For this proposition, Cohn cited Babcock v. Whatmore, 707 So.2d 702 (Fla.1998), and Shurden v. Thomas, 134 So.2d 876 (Fla. 1st DCA 1961).
Following a hearing on Cohn's motion to dismiss, the trial court directed Woolin to file an amended complaint "to more clearly allege the basis for this Court's exercise of personal jurisdiction over Jerald Cohn," but found that the court did have jurisdiction *871 over Cohn "because he availed himself of the court's jurisdiction by prosecuting multiple lawsuits in Miami-Dade County in his mother Marlene Cohn's name as her attorney-in-fact." This appeal followed.
We review the trial court's order denying Cohn's motion to dismiss de novo. Bohlander v. Robert Dean & Assocs. Yacht Brokerage, Inc., 920 So.2d 1226, 1228 (Fla. 3d DCA 2006).
The Long-Arm Statute
Under the two-part jurisdictional analysis detailed by the Florida Supreme Court in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), and this Court more recently in Minchuk v. Reyes, 967 So.2d 407 (Fla. 3d DCA 2007), the trial court examines the amended complaint for sufficient specific factual allegations to satisfy: (1) one or more of the predicate acts enumerated in section 48.193 of the Florida Statutes; and (2) the "minimum contacts" with Florida necessary to satisfy federal constitutional due process requirements.
If, as here, the jurisdictional allegations are disputed, the procedure is well settled:
A plaintiff seeking jurisdiction over a non-resident defendant must plead the basis for jurisdiction. A defendant contesting jurisdiction must file affidavits in support of his motion to dismiss. The plaintiff must then support the grounds upon which he claims jurisdiction with affidavits. If the two sets of affidavits cannot be reconciled, the court must hold an evidentiary hearing to resolve the issue of jurisdiction.
Machtinger v. Inertial Airline Servs., Inc., 937 So.2d 730, 733-34 (Fla. 3d DCA 2006).
In this case, the trial court granted the motion to dismiss in part, finding the jurisdictional allegations insufficiently detailed.[3] We agree with that portion of the order. The order went on, however, to find that the court had personal jurisdiction over Cohn "because he has availed himself of the court's jurisdiction by prosecuting multiple lawsuits in Miami-Dade County in his mother Marlene Cohn's name as her attorney in fact." As to that conclusion, we disagree.
Woolin and the trial court relied upon Babcock v. Whatmore, 707 So.2d 702 (Fla. 1998), for the proposition that a party that avails itself of the court's jurisdiction to seek affirmative relief waives the party's right to dispute personal jurisdiction. In this case, however, it is not established that Jerald Cohn individually sought affirmative relief in the prior and unsuccessful adversary petition in the Florida probate court. The petition was brought in the name of Cohn's mother. The Florida court did not acquire personal jurisdiction over Jerald Cohn simply by virtue of the fact that his mother had executed a power of attorney in his favor. Galego v. Robinson, 695 So.2d 443 (Fla. 2d DCA 1997). On remand, Woolin must provide details regarding actions allegedly taken by Jerald Cohn in Florida comprising a sufficient basis for jurisdiction under section 48.193 of the Florida Statutes. Jurisdictional discovery and an evidentiary hearing will be appropriate if the allegations are disputed in an affidavit.
Minimum Contacts
The amended complaint must also allege sufficient minimum contacts between Jerald Cohn and the state of Florida to satisfy the Due Process Clause of the United States Constitution. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, *872 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); see also Venetian Salami, 554 So.2d at 502 ("The mere proof of any one of several circumstances enumerated in section 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts.") (emphasis in original). Woolin must allege that Jerald Cohn purposefully directed activities at Florida and that the current litigation arises out of those activities. The nature and extent of such contacts are summarized in Green v. USF & G Corp., 772 F.Supp. 1258, 1262 (S.D.Fla.1991).
Conclusion
On this record, Woolin has not carried his burden to demonstrate that Cohn is subject to jurisdiction in Florida. We therefore reverse the order below and remand the case to the trial court for further proceedings, including amendment of the jurisdictional allegations and the determination by the trial court of any disputes pertaining to those more detailed allegations.
Reversed.
NOTES
[1] Marlene Cohn, a defendant in the original malicious prosecution complaint, died in April 2006, and Jerald Cohn, "as power of attorney for Marlene Cohn" and individually, was substituted for her as a defendant.
[2] Cohn's affidavit did not, however, directly deny that he directed the prosecution of the Florida probate claims brought against Woolin in the name of Cohn's eighty-eight year-old mother in 2003, or that he met in Florida with the lawyers representing his mother in the exercise of the comprehensive power of attorney she executed in his favor in 2002.
[3] The trial court allowed Woolin twenty days within which to further amend his complaint to provide the requisite detail pertaining to jurisdiction.