SHEPHERD, C.J.,
concurring.
I concur in the affirmance of this case. I believe the allegations of the complaint and affidavits in support are sufficient to hale these defendants into the courts of this state on the allegation that they conspired to commit a tortious act, causing injury in the State of Florida. See § 48.193(1)(a)2, Fla. Stat. (2013), formerly § 48.193(1)(b), Fla. Stat.; NHB Advisors, Inc. v. Czyzyk, 95 So.3d 444, 448 (Fla. 4th DCA 2012) (stating where plaintiff successfully alleges the existence of a conspiracy and the other members of the conspiracy committed tortious acts in Florida, all of the conspirators are subject to jurisdiction in Florida); Machtinger v. Inertial Airline Servs., Inc., 937 So.2d 730, 736 (Fla. 3d DCA 2006) (holding one who commits a tortious act in Florida reasonably can expect to be haled into a Florida court to answer for the tort). It also appears from the supported allegations of the complaint that the defendants engaged in the transmission of telephone, electronic, and written communications into this state, establishing an independent basis for the exercise of jurisdiction over them. See Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla.2002) (stating telephonic, electronic or written communications into Florida may form the basis for personal jurisdiction under section 48.193(l)(b) if the alleged cause of action arises from the communications). Of course, jurisdictional determinations are quite different from decisions on the merits, and the plaintiff ultimately will have to prove the allegations he makes in his complaint to the satisfaction of a trier of fact.
Finally, I note that the majority’s affir-mance of that portion of the order of the trial court denying the defendants’ motion to dismiss on the ground of forum non conveniens also is supported by the recent decision of the Florida Supreme Court in Cortez v. Palace Resorts, Inc., 123 So.3d 1085 (Fla.2013), which was not available to the trial judge at the time of his decision.