# Third District Court of Appeal

## State of Florida

Opinion filed April 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1073
Lower Tribunal No. 19-793
_____

**Meraki Investments, Ltd.,**
Appellant,

vs.

**Unit 1805 Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Badell & Grau, and Arturo J. Bravo, for appellant.

Law Offices of Rex E. Russo, and Rex E. Russo, for appellee.

Before SCALES, HENDON, and LOBREE, JJ.

HENDON, J.

Meraki Investments, Ltd. ("Meraki") appeals the trial court's order granting Unit 1805 Inc.'s ("1805") motion to dismiss on the ground that the trial court lacked general personal jurisdiction. We affirm.

**Facts**

Meraki, a foreign corporation, filed a two-count amended complaint against 1805, a Panamanian corporation, for breach of contract and monies lent. According to Meraki, the parties entered into an oral contract whereby Meraki made a short-term loan to 1805, and 1805 failed to repay the loan. As it relates to jurisdiction, Meraki alleged that the trial court had general personal jurisdiction based on 1805's "substantial and not isolated activity within the state." Meraki argued that those "substantial and not isolated" activities were owning property in Miami-Dade and maintaining a banking relationship in Miami.

Based on these allegations, 1805 filed a motion to dismiss. Relevant to this appeal, 1805 argued that the amended complaint failed to allege the contacts sufficient to support a finding of general personal jurisdiction over 1805. In support of its motion, 1805 attached the declaration of Camilo Lamaletto, an officer of 1805. In the declaration, Lamaletto specifically stated that 1805 owned two apartment units in Miami-Dade and did not use those apartments for commercial purposes. Lamaletto further averred that 1805

2

was exempt from the registration requirements in the Florida Corporations Act and had no office or agents in Florida. Lastly, Lamaletto stated that the financial transactions described in the amended complaint had no relation to Florida, and that any transaction between the two parties occurred outside the United States.

Thereafter, in response, Meraki filed the affidavit of its attorney-in-fact, Patricia de Simone. In that affidavit, de Simone stated that Meraki agreed to transfer money into 1805's bank account in Miami, and 1805, in return, promised to send money back to Meraki's bank account in Miami. According to de Simone, Meraki effectuated this agreement by making two transfers from its bank account in Miami to 1805's bank account in Miami.

1805 filed a second amended declaration of Lamaletto, which revealed that 1805's bank account was actually based in New York. In this connection, the account's statements were forwarded to an attorney in Miami. That account received deposits from commercial leases in foreign countries, and the funds deposited in that account were used to pay for Lamaletto's children's college, wife's expenses, and a housekeeper for the two units.

De Simone and Lamaletto testified at the hearing on the motion to dismiss. De Simone testified that it was her understanding that 1805's bank account was in Miami, and 1805 was going to repay the loan by disbursing

funds back to Meraki's bank account in Miami. In fact, however, Meraki transferred money into 1805's New York bank account.

In the trial court's order granting the motion to dismiss, the court made the following factual findings as it relates to jurisdiction:

- 1805 is a Panamanian entity

- 1805 owns two condominiums in Miami-Dade, which are available to Lamaletto and his family for their personal use

- There was no evidence that the units were used for commercial purposes

- There was no evidence that the loan related to the ownership of the two units

- There was no evidence that 1805 conducted or solicited business in Florida

- The negotiations of the loan took place in Venezuela

- Meraki wired the funds to 1805's New York bank account

- 1805's banking activity emanates from the New York bank account, and its statements were forwarded to an attorney in Miami

Based on the foregoing, the trial court concluded that the ownership of the property and the banking activity were insufficient to invoke general personal jurisdiction. Thus, the trial court dismissed the amended complaint. This appeal followed.

## Analysis

A trial court's ruling on a motion to dismiss for lack of personal jurisdiction is reviewed *de novo*. Highland Stucco & Lime Prods., Inc. v. Onorato, 259 So. 3d 944, 947 (Fla. 3d DCA 2018). When "the trial court's decision is based on live testimony, the appellate court defers to the trial court's determination of the facts." Machtinger v. Inertial Airline Servs., Inc., 937 So. 2d 730, 734 (Fla. 3d DCA 2006).

The two-step inquiry in determining whether personal jurisdiction exists is as follows: first, the trial court must determine whether there are sufficient facts to bring the action within the purview of section 48.193, Florida Statutes; second, the trial court must determine whether there are sufficient minimum contacts with Florida to satisfy the federal constitutional due process requirements. Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 501-502 (Fla. 1989). Since the first portion of the inquiry is determinative in this case, we focus only on that portion of the analysis.

Section 48.193(2) provides for general personal jurisdiction over "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise . . . ." To satisfy the requirements of section 48.193(2), a corporation's contacts must constitute "'affiliations with the State [that] are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" Daimler

AG v. Bauman, 571 U.S. 117, 139 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)); see Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa, 241 So. 3d 938, 944 (Fla. 3d DCA 2018).

Here, as reflected above, Meraki argues that 1805 should be subject to the trial court's general personal jurisdiction because 1805 owns two condominium units in Miami-Dade and maintains a bank account based in Miami. Both arguments fail for the reasons that follow.

The mere ownership of two condominium units is, without more, insufficient to confer general personal jurisdiction. Nichols v. Paulucci, 652 So. 2d 389, 393 n.5 (Fla. 5th DCA 1995) ("By itself, ownership of property is insufficient to subject a nonresident defendant to the jurisdiction of the courts of this state, unless the cause of action arose out of such ownership."). Here, the two units were not available for commercial use. Further, the loan in question was wholly unrelated to the mortgaging or financing of the two units. Applying the law to these facts, we conclude that the ownership of the two condominium units in Miami-Dade does not subject 1805 to general personal jurisdiction.

Similarly, 1805's maintenance of a bank account is insufficient to confer the trial court with general personal jurisdiction. See Taylor v.

6

Gutierrez, 129 So. 3d 415, 420 (Fla. 3d DCA 2013) (maintaining a bank account in Florida is insufficient to confer general personal jurisdiction over a person). Here, 1805's bank account has virtually no ties to Florida. The bank account is based out of New York, and its statements were merely forwarded to an attorney in Florida. The record is devoid of any evidence that suggests that 1805 solicited or conducted business transactions in Florida. Instead, the evidence reflects that 1805's bank account was solely used as a depository for payments connected to commercial property leases in foreign countries, and for Lamaletto's personal expenditures. For these reasons, the trial court correctly decided not to exercise personal jurisdiction over 1805 based on 1805's maintenance of the bank account.

1805's contacts are not sufficiently "continuous and systematic" as to render it "at home" in Florida. Accordingly, the trial court's dismissal of the amended complaint based on a lack of general personal jurisdiction is affirmed.

Affirmed.